AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### WESTERN DISTRICT OF KENTUCKY

**FILED**
VANESSA L. ARMSTRONG, CLERK
APR 09 2014
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | |
| ) | Case No. 3:14-mj-194 |
| CHRISTOPHER HISLE ) | |
| ) | |

*Defendant*

## CRIMINAL COMPLAINT

I, Nick Zarro, the complainant in this case, state the following is true to the best of my knowledge and belief.

On or about April 5, 2014, in the county of Jefferson in the Western District of Kentucky, and elsewhere, the defendant violated 18 U.S.C. § 2421, an offense described as follows:

CHRISTOPHER HISLE knowingly transported an adult female, K.B., in interstate commerce from Ohio to Kentucky, with intent that K.B. engage in prostitution.

This criminal complaint is based on these facts:

[X]     Continued on the attached sheet (Affidavit in Support of an Application for an Arrest Warrant)

_Nicholas Edward Zarro_
*Complainant's signature*

NICHOLAS EDWARD ZARRO, SPECIAL AGENT FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 04/09/14

_[Signature]_
*Judge's Signature*

City and State: Louisville, Kentucky

Honorable Dave Whalin
United States Magistrate Judge

*AEG (AUSA initials)*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Nicholas Edward Zarro, having been duly sworn, state;

**Identity of Law Enforcement Officer Making Request**

1. I am a special agent of the Federal Bureau of Investigation (FBI) assigned to the Louisville, Kentucky office. I have been employed by the FBI since June 2012. Prior to this, I was a police officer with the Phoenix Police Department for eight years. By virtue of my employment with the FBI, I am authorized to conduct investigations into violations of the Mann Act. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). As such, I am empowered to conduct investigations of and to make arrests for offenses in violation of federal law.

2. The statements contained in this affidavit are based in part on information I have learned through my own investigation, experience, and background as an FBI Special Agent. The statements are also based on information gained from other law enforcement officials and individuals who have assisted in this investigation. This affidavit is being submitted for the purpose of establishing probable cause in support of a criminal complaint. I have not included each and every fact known to me concerning this investigation.

**Facts Establishing Probable Cause**

3. On April 8, 2014, the FBI received a tip from the National Center for Missing and Exploited Children. The tip provided information that an underage female was offering escort services on a website called "Backpage." "Backpage" is known to law enforcement as a website that is

1

commonly used to advertise escort prostitution services. The female in the identified advertisement included a telephone number.

4. On April 8, 2014, an Undercover Task Force Officer (UC) contacted the listed telephone number via text message and arranged to meet the female at the Red Roof Inn located at 9330 Blairwood Rd, Louisville, Kentucky. Prior to the meeting, the female asked the UC if he was affiliated with any law enforcement agency to which the UC replied "No." The female stated she had to check out of the room at noon and the UC advised her that he would pay for another night if she would give him some extra time with her. She agreed. The female advised the UC to meet in Room 201. Upon going to the Red Roof Inn and knocking on Room 201, UC was greeted by **VICTIM #1**. UC inquired about how much money he owed **VICTIM #1** and she said that depended on whether UC wanted an hour or just a half hour. The price was $200.00 for the hour. After a brief verbal transaction **VICTIM #1** agreed to perform several different sexual services for the price of $300. At this point the UC identified himself as a police officer and summoned back up units.

5. **VICTIM #1** told the UC she was 19 years old and provided identification to support this statement.

6. The UC recognized **VICTIM #1** as being connected to a prior joint investigation involving Cincinnati (Ohio) Police and Louisville Metro Police. Cincinnati Police reported to UC that approximately one year ago, **VICTIM #1** was found in the home of **CHRISTOPHER HISLE** and was unable to freely leave. Cincinnati Police also reported that they had received information from numerous sources about **CHRISTOPHER HISLE** assaulting **VICTIM #1** as well as other females who had worked for him. **VICTIM #1** stated she knew

2

**CHRISTOPHER HISLE** but denied any other involvement with him.

7. As Affiant was leaving the scene, he observed a black male, standing next to a white Cadallac Escalade in the Red Roof Inn parking lot. A black female, **VICTIM #2**, was also seen loading luggage into the vehicle. After being observed, the male and female quickly entered the Escalade and left the parking lot. A records check was conducted on the vehicle's license plate, OHIO GCZ 5993. The check identified **CHRISTOPHER HISLE** as the registered owner of the vehicle.

8. Due to the known information of **CHRISTOPHER HISLE'S** criminal history, a high risk stop was conducted on the vehicle. **CHRISTOPHER HISLE** and **VICTIM #2**, whose initials are **K.B.**, were detained with their hands handcuffed behind their backs. **CHRISTOPHER HISLE** would not provide law enforcement with any information at the scene of the traffic stop. **VICTIM #2** admitted to law enforcement she used "Backpage" to advertise prostitution while she stayed at the Red Roof Inn. She stated she went by the name "DIVA" and listed herself as 21 (actual age 24).

9. **CHRISTOPHER HISLE** and **VICTIM #2** were transported to FBI Headquarters for further investigation. At FBI Headquarters, **VICTIM #2** admitted **CHRISTOPHER HISLE** drove her to the Red Roof Inn in Louisville, Kentucky, from Cincinnati, Ohio, on April 5, 2014, so she could work as a prostitute and that he was there to pick her up and return her to Cincinnati, Ohio. **VICTIM #2** advised **CHRISTOPHER HISLE** had driven her to other cities in the past for prostitution and had received a sum of money from her work.

10. **CHRISTOPHER HISLE** would not admit to transporting either female to the Red Roof Inn.

3

## Conclusion

11. Based on the evidence gathered in the investigation to this point, on or about April 5, 2014, **CHRISTOPHER HISLE** knowingly transported **VICTIM #2**, whose initials are **K.B.**, from Cincinnati, Ohio, to Louisville, Kentucky, for the purpose of engaging in prostitution, in violation of 18 U.S.C. § 2421.


*[signature]*
Nicholas Edward Zarro
Special Agent, Federal Bureau of Investigation


Sworn to me and subscribed in my presence this
9th Day of April, 2014.

*[signature]*
The Honorable Dave Whalin
United States Magistrate Judge

4